IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THASHA A. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-00333 |
| | ) | |
| ALAN L. JAKES, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) | |

### ORDER

Pending before the Court is the Magistrate Judge's Report (Doc. No. 40), recommending that Defendant Charles R. Mullins' motion to dismiss (Doc. No. 15) be granted and that three pending motions to transfer venue (Doc. Nos. 10, 13, 26) be granted. Plaintiff filed an objection and supporting memorandum. (Doc. Nos. 41, 46). For the reasons stated herein, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is adopted and approved.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Plaintiff raises four objections to the Report and Recommendation. First, Plaintiff identifies two factual statements as erroneous. Second, Plaintiff faults the Magistrate Judge for taking up Defendants' motions to dismiss and transfer before ruling on other pending motions. Third, Plaintiff objects to the Magistrate Judge's recommendation that Defendant Mullins' motion to

dismiss should be granted. Fourth, Plaintiff objects to the Magistrate Judge's recommendation that this matter be transferred. The Court will address Plaintiff's objections in turn.

First, Plaintiff fails to explain how the two challenged sentences in the fact section undermine the Magistrate Judge's conclusion that the complaint fails to state a claim against Defendant Mullins. Accordingly, Plaintiff's first objection is **OVERRULED**.

Plaintiff's second and fourth objections do not identify any factual or legal errors on the part of the Magistrate Judge in making his determinations. Objections that do not identify an error are meritless. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, Plaintiff's second and fourth objections are **OVERRULED**.

Plaintiff's third objection is to the Magistrate Judge's recommendation that Mullins' motion to dismiss be granted for failure to state a claim. Plaintiff does not argue that the Magistrate Judge erred in his statement of the law. Instead, Plaintiff claims the Magistrate Judge erred "in applying the pattern of racketeering activity" to Mullins instead of the alleged enterprise. However, even if the Magistrate Judge did so err, that does not undermine the conclusion that the complaint fails to state a claim against Mullins because he also determined the allegations in the complaint fail to show that Mullins' involvement in the appraisal at issue had any connection to the alleged criminal enterprise. Accordingly, Plaintiff's third objection is **OVERRULED**.

Having reviewed the Report and Recommendation, the Court concludes that it should be adopted and approved. Accordingly, Defendant Mullins' motion to dismiss (Doc. No. 15) is **GRANTED**, the remaining Defendants' motions to transfer (Doc. Nos. 10, 13, 26) **GRANTED**, and the Clerk is directed to **TRANSFER** this action to the Eastern District of Tennessee.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE